O

Entered JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.     ED CV 08-01018-SGL(SHx)                                    Date:  October 9, 2008

Title:       VINCENT W. ZIEGLER -v- CITY OF PALM SPRINGS and DAVID READY
========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

      Jim Holmes                                              None Present
      Courtroom Deputy                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                   None present

PROCEEDINGS:     ORDER REMANDING MATTER TO STATE COURT

     On August 13, 2008, <u>plaintiff</u> Vincent Ziegler filed a notice of removal with this Court, seeking to remove a state court action Ziegler himself had earlier filed in Riverside County Superior Court (Case No. 76563, <u>Ziegler v. City of Palm Springs and David Ready</u>), alleging various claims. Only a <u>defendant</u> can remove a state court action to federal court.  See 28 U.S.C. § 1441(a) ("any civil action brought in a State court . . . may be removed by the defendant or the defendants"); <u>see also</u> 16 James Wm. Moore, Moore's Federal Practice § 107.11[1][a] (3rd ed. 2008) ("under the general removal statute, only defendants are permitted to remove a civil action from a state court to the district court for the district and division within which the action is pending; no statutory provision permits plaintiffs to remove an action").

     Given that the <u>plaintiff</u> in the state court action has sought to remove the state court matter to this Court, plaintiff was ordered to show cause ("OSC") why the case should not be remanded to state court.  On August 28, 2008, plaintiff responded to the OSC explaining that the reason why removal was proper was because defendants refused to remove the case when he requested that they do so and because allegations in his complaint touched upon the PATRIOT Act as well as were connected to a related matter plaintiff has presently pending in federal district court, EDCV-

MINUTES FORM 90                                                               Initials of Deputy Clerk:   jh
CIVIL -- GEN                                       1

ED CV 08-01018-SGL(SHx)
VINCENT W. ZIEGLER v CITY OF PALM SPRINGS and DAVID READY
MINUTE ORDER of October 9, 2008

07-625-SGL (OPx).[1]  As to the last point, it must be noted that the "related case" was dismissed by this Court by way of settlement in December, 2007.  More importantly to the resolution of this matter is the fact that plaintiff is the master of his complaint.  If he wished to pursue his claims in federal court (assuming jurisdiction to hear them in this court existed), he was free to file his complaint in this court at the outset.  Instead, plaintiff chose to file his complaint in state court.  Having chosen the forum he wished to litigate his case in, plaintiff is bound by that decision and defendants' refusal to acquiesce to his demands that they exercise their right to removal is <u>not</u> a basis for a plaintiff to change forums mid-stream in the litigation of a case.

    Accordingly, plaintiff, having no right to remove a matter from state court to this Court, it is hereby **ORDERED** that the matter be remanded to state court.

    IT IS SO ORDERED.

---

[1] Defendants filed an opposition to plaintiff's response to the OSC, and plaintiff thereafter filed a reply thereto.